PETERMAN *v*. MITCHESON.

CONTRACTS — EXPRESS CONTRACT — IMPLIED CONTRACT — GRANDSON UNDER NO LEGAL OBLIGATION TO SUPPORT GRANDMOTHER.

A conversation in which defendant asked plaintiff what she would take, in addition to the rent of the house in which she lived, which belonged to his grandmother, for taking care of his grandmother, to which plaintiff made no answer, and no further negotiations were had, *held*, not to constitute either an express or implied contract

on the part of defendant to pay for the care of his grandmother whom he was under no legal obligation to support.

Error to Muskegon; Vanderwerp (John), J. Submitted January 17, 1924. (Docket No. 83.) Decided March 5, 1924.

Assumpsit by Retta Peterman against George A. Mitcheson for services rendered. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Willard J. Turner* (*John G. Turner*, of counsel), for appellant.

*Bunker & Rogoski*, for appellee.

BIRD, J. Plaintiff began this suit to recover for services in caring for and nursing defendant's grandmother. Mary Mitcheson, the grandmother, was an elderly lady, who resided in Muskegon. She rented her house to the husband of plaintiff, reserving a portion for herself. On May 30, 1920, Mr. Peterman moved in with his family and Mrs. Peterman began at once to care for and nurse Mrs. Mitcheson, who was ill. She continued to render this service until March, 1923, when Mrs. Mitcheson died.

Plaintiff bases her right to recover the value of her services from defendant on the ground that he came to visit his grandmother in November, 1920, and while there she had the following conversation with him:

"He said to me, 'Will you take care of my grandmother for the rent?' I said, 'No, I won't.' He says, 'What will you take care of her for over and above the rent?' I says, 'I can't talk with you now, I must get her dressed, will talk with you pretty soon.' "

Before plaintiff returned from caring for the grand-

mother defendant left the house and she did not see him again until the funeral. After the testimony was in the trial court directed a verdict for defendant because plaintiff had not made a case against defendant. Plaintiff appeals and insists that the evidence shows an express contract, but that if she is mistaken in this the evidence shows an implied contract.

It is not denied that plaintiff rendered valuable service in nursing and caring for the grandmother, and that she has had no compensation therefor, except the rent of the house, which has been withheld by the Petermans. While plaintiff is, undoubtedly, very deserving and ought to be compensated we must not allow this to confuse our judgment as to whether she has shown a legal right to recover. The conversation which she details does not amount to an express contract. The most that can be said of the conversation is that negotiations were begun looking towards an arrangement, but they were cut short by plaintiff's leaving the room to care for the grandmother, and nothing more came of it and no agreement was reached. The conversation does not disclose that defendant agreed to pay any sum to anybody for the care of his grandmother. He simply inquired what plaintiff would charge to render the service, but did not even get an answer to that question.

We are not impressed that plaintiff made out an implied contract upon defendant's part. There was no legal obligation upon defendant's part to support his grandmother, and no showing was made which raises any implied agreement upon his part to pay her compensation. Plaintiff knew a long time before the grandmother passed away that defendant did not regard himself obligated to pay any sum for her care. Plaintiff's son wrote defendant in March, 1922, about compensating his mother for her services. Defendant's reply was, as follows:

"Mr. ROY A. PETERMAN,
    "Muskegon, Michigan.
    "*Dear Sir:* In reply to your letter of the 8th, I can advise you I have no knowledge of any agreement that your mother may have with Mrs. Mary Mitcheson, but assure you that I in no way underwrite or assume or consider myself responsible for any agreement or understanding which she may enter into.
                    "Yours very truly,
                        "GEORGE A. MITCHESON."

We think the conclusion reached by the trial court was the correct one and that no error was committed in directing a verdict for the defendant.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.